ALICE GILL, *et al.,*                                  Civil Action No.: 1:25-cv-00489-BBC

Plaintiffs,                                            Hon. Judge Byron B. Conway

v.

SOAREN MANAGEMENT, LLC, *et al.*,

Defendants.

**SPECIALLY APPEARING DEFENDANT SOAREN MANAGEMENT, LLC'S
MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1), 12(b)(6), 12(b)(4), and 12(b)(2)[1]**

---

[1] Soaren Management, LLC, a wholly-owned Tribal entity, appears for the limited purpose of contesting this Court's subject matter jurisdiction over this lawsuit. Neither this special appearance nor Soaren Management, LLC's prior waiver of service shall be construed as waiving sovereign immunity or any arguments that Soaren Management, LLC has with regard to its sovereign immunity or this Court's jurisdiction. Courts have routinely recognized that a sovereign's limited appearance in legal proceedings for the purposes of seeking dismissal for lack of jurisdiction does not waive any claims to sovereign immunity. *See, e.g., Lac du Flambeau Band of Lake Superior Chippewa Indians v. Norton*, 327 F. Supp. 2d 995, 1000 (W.D. Wis. 2004) (a sovereign can appear for a limited purpose such as moving to dismiss the lawsuit for failure to join an indispensable party without waiving their sovereign immunity); *Kansas v. United States*, 249 F.3d 1213, 1220 (10th Cir. 2001) (same); *Zych v. Wrecked and Abandoned Vessel*, 960 F.2d 665, 667–68 (7th Cir. 1992); *Wyandotte Nation v. Kansas City*, 200 F. Supp. 2d 1279, 1287 (D. Kan. 2002); *Miami Tribe of Okla. v. Walden*, 206 F.R.D. 238 (S.D. Ill. 2001). Similarly, waiving service does not waive a party's right to assert challenges to the Court's jurisdiction. *See Midamines SPRL Ltd. v. KBC Bank N.V.*, No. 18 CV 01489, 2019 WL 4391261, at *2 (N.D. Ill. Mar. 14, 2019) ("[t]he waiver of summons expressly preserves "all defenses or objections to ... the court's jurisdiction"); see also Fed. R. Civ. P. 4(d)(5) ("Waiving service of a summons does not waive any objection to personal jurisdiction or to venue."); *Campbell ex rel. Equity Units Holders v. Am. Int'l Grp., Inc.*, 86 F. Supp. 3d 464, 475 (E.D. Va. 2015) (holding that "the waiver of summons forms explicitly reserves [sic] the party's right to challenge the court's jurisdiction").

1

Specially-Appearing Defendant Soaren Management, LLC ("Soaren"), by counsel, moves this Court for an order dismissing Plaintiffs' Class Action Complaint ("Complaint"), ECF No. 1, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 12(b)(4), and 12(b)(2), for the reasons stated in the accompanying Memorandum in Support, the Declaration in Support and the Exhibits attached thereto, along with the files, records, pleadings, and arguments of counsel.

Date: September 26, 2025

Respectfully submitted,

/s/ *Justin Gray*

_____

Justin Gray
State Bar No. 11050509
*Attorney for the Specially-Appearing*
*Defendant Soaren Management, LLC*
MSHKAWZI LAW, LLP
44 Cesar E. Chavez Ave. SW
Suite 250
Grand Rapids, MI 49503
Telephone: (616) 655-1601
Email: jgray@mshkawzilaw.com

2

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of September 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/ *Abbey Smith*
Abbey Smith
Paralegal
Mshkawzi Law, LLP
44 Cesar E. Chavez Ave., Suite 250
Grand Rapids, MI 49503
Telephone: (616) 719-2823
Facsimile: (517) 913-6443

3