# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

### GREEN BAY DIVISION

ALICE GILL, *et al.,*

      Plaintiffs,

v.

SOAREN MANAGEMENT, LLC, *et al.,*

      Defendants.

Civil Action No.: 1:25-cv-00489-BBC

Hon. Judge Byron B. Conway

---

## MEMORANDUM IN SUPPORT OF SPECIALLY APPEARING DEFENDANT SOAREN MANAGEMENT, LLC'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1), 12(b)(6), 12(b)(4), and 12(b)(2)[1]

---

[1] Soaren Management, LLC, a wholly-owned Tribal entity, appears for the limited purpose of contesting this Court's subject matter jurisdiction over this lawsuit. Neither this special appearance nor Soaren Management, LLC's prior waiver of service shall be construed as waiving sovereign immunity or any arguments that Soaren Management, LLC has with regard to its sovereign immunity or this Court's jurisdiction. Courts have routinely recognized that a sovereign's limited appearance in legal proceedings for the purposes of seeking dismissal for lack of jurisdiction does not waive any claims to sovereign immunity. *See, e.g., Lac du Flambeau Band of Lake Superior Chippewa Indians v. Norton*, 327 F. Supp. 2d 995, 1000 (W.D. Wis. 2004) (a sovereign can appear for a limited purpose such as moving to dismiss the lawsuit for failure to join an indispensable party without waiving their sovereign immunity); *Kansas v. United States*, 249 F.3d 1213, 1220 (10th Cir. 2001) (same); *Zych v. Wrecked and Abandoned Vessel*, 960 F.2d 665, 667–68 (7th Cir. 1992); *Wyandotte Nation v. Kansas City*, 200 F. Supp. 2d 1279, 1287 (D. Kan. 2002); *Miami Tribe of Okla. v. Walden*, 206 F.R.D. 238 (S.D. Ill. 2001). Similarly, waiving service does not waive a party's right to assert challenges to the Court's jurisdiction. *See Midamines SPRL Ltd. v. KBC Bank N.V.*, No. 18 CV 01489, 2019 WL 4391261, at *2 (N.D. Ill. Mar. 14, 2019) ("[t]he waiver of summons expressly preserves "all defenses or objections to ... the court's jurisdiction"); see also Fed. R. Civ. P. 4(d)(5) ("Waiving service of a summons does not waive any objection to personal jurisdiction or to venue."); *Campbell ex rel. Equity Units Holders v. Am. Int'l Grp., Inc.*, 86 F. Supp. 3d 464, 475 (E.D. Va. 2015) (holding that "the waiver of summons forms explicitly reserves [sic] the party's right to challenge the court's jurisdiction").

1

**TABLE OF CONTENTS**      **Page**

**INTRODUCTION**      5

**STATEMENT OF FACTS**      6

    Soaren Management, LLC      6

    *Dearry* Litigation      7

    The Complaint      8

**ARGUMENT**      10

    I.  Plaintiffs Have Failed to Demonstrate Diversity of Citizenship to Establish Subject Matter Jurisdiction      10

      A. Legal Standard Under FRCP 12(b)(1)      10

      B. Plaintiffs Have Failed to Comply with L.R. 8      11

    II. Plaintiffs Have Failed to Allege a Claim for Relief Against Soaren      13

      A. Legal Standard for Rule 12(b)(6)      13

      B. The Allegations in the Complaint Relate to a Nonexistent LLC      13

    III. Process was insufficient because Plaintiffs failed to name the proper party 14

    IV. This Court lacks personal jurisdiction over Soaren.      14

      A. Legal Standard under FRCP 12(b)(2)      14

      B. There are no allegations against Soaren      15

**CONCLUSION**      16

# TABLE OF AUTHORITIES

**Cases**

*Am. Motorists Ins. Co. v. Am. Emp. Ins. Co.*, 600 F.2d 15 (5th Cir. 1979) ..................................12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................................13

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................................................13

*Blair v. Reisen*, No. 25-CV-215-JDP, 2025 WL 1857612 (W.D. Wis. June 16, 2025) ...............11

*Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989 (7th Cir. 2007) ........................................11

*Campbell ex rel. Equity Units Holders v. Am. Int'l Grp., Inc.*, 86 F. Supp. 3d 464 (E.D. Va. 2015) ..............................................................................................................................................1

*Carr v. IF&P Holding Co., LLC*, No. CV 22-480, 2024 WL 1675185 (E.D. La. Apr. 18, 2024) 11

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ...........................................................................15

*Dancel v. Groupon, Inc.*, 940 F.3d 381 (7th Cir. 2019)...............................................................10

*Durukan America, LLC v. Rain Trading, Inc.*, 787 F.3d 1161 (7th Cir. 2015) .............................15

*Felland v. Clifton*, 682 F.3d 665 (7th Cir. 2012) ........................................................................15

*Gen. Ry. Signal Co. v. Corcoran*, 921 F.2d 700 (7th Cir. 1991) .................................................11

*Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774 (7th Cir. 1994)........................................11

*Howery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir. 2001) .........................................................11

*Kansas v. United States*, 249 F.3d 1213 (10th Cir. 2001) .............................................................1

*Knox v. Pendergast*, No. 06-C-61, 2007 WL 1413681 (E.D. Wis. May 11, 2007)......................14

*Lac du Flambeau Band of Lake Superior Chippewa Indians v. Norton*, 327 F. Supp. 2d 995 (W.D. Wis. 2004)..........................................................................................................................1

*Lewis v. Consumer First Props.*, No. 08-CV-985, 2009 WL 3515648 (E.D. Wis. Oct. 28, 2009) ....................................................................................................................................................13

*Matta-Velazquez v. Dep't of Health Servs.*, No. 22-CV-527-PP, 2023 WL 5310090 (E.D. Wis.) ....................................................................................................................................................12

*Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616 (7th Cir. 2002)................................11

*Miami Tribe of Okla. v. Walden*, 206 F.R.D. 238 (S.D. Ill. 2001) ................................................1

*Midamines SPRL Ltd. v. KBC Bank N.V.*, No. 18 CV 01489, 2019 WL 4391261 (N.D. Ill. Mar. 14, 2019) ......................................................................................................................................1

*Page v. Democratic Nat'l Comm.*, 2 F.4th 630 (7th Cir. 2021)...............................................10, 11

*Salinger v. Lawler*, No. 24-CV-1417-SCD, 2025 WL 2466105 (E.D. Wis. Aug. 27, 2025) ........14

Case 1:25-cv-00489-BBC     Filed 09/26/25     Page 3 of 17     Document 31-1

*Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530 (5th Cir. 2017) ...................11

*Taha v. Int'l Bhd. of Teamsters*, 947 F.3d 464 (7th Cir. 2020).......................................13

*Wilson v. Does*, No. 25-CV-305-JDP, 2025 WL 1883821 (W.D. Wis. July 8, 2025)...................11

*Wyandotte Nation v. Kansas City*, 200 F. Supp. 2d 1279 (D. Kan. 2002)......................................1

*Yeftich v. Navistar, Inc.*, 722 F.3d 911 (7th Cir. 2013).................................................13

*Zych v. Wrecked and Abandoned Vessel*, 960 F.2d 665 (7th Cir. 1992) ........................................1

## Statutes

28 U.S.C. § 1332(d)(2).............................................................................................11

6 Del. C. § 18-209 ...................................................................................................8

## Rules

Fed. R. Civ. P. 4(d)(5)..............................................................................................1

Fed. R. Civ. P. 12(b)(1)................................................................................5, 6, 10, 12

Fed. R. Civ. P. 12(b)(2)........................................................................................5, 6, 14

Fed. R. Civ. P. 12(b)(4)........................................................................................5, 6, 14

Fed. R. Civ. P. 12(b)(6).................................................................................5, 6, 12, 13, 14

Local Rule 8 (E.D. Wis.) .........................................................................................5

## INTRODUCTION

Specially-Appearing Defendant Soaren Management, LLC ("Soaren"), a wholly-owned and operated arm of the Big Valley Band of Pomo Indians of the Big Valley Rancheria, a federally-recognized tribe, moves to dismiss this action pursuant to Fed. R. Civ. P. Rule 12(b)(1), (6), (4), and (2) because Plaintiffs: (1) cannot properly establish diversity, (2) have sued the wrong entity, (3) have not effected service by virtue of serving the wrong entity, and (4) cannot demonstrate this Court's personal jurisdiction over Soaren. Each serves as a separate and independent basis for dismissal as to Soaren.

Plaintiffs' Class Action Complaint ("Complaint") takes great pains to confuse and obfuscate between Soaren, the tribally organized, owned and operated limited liability company ("LLC"), and a long-since defunct Delaware LLC, also called Soaren Management, LLC ("DE-Soaren"). As Plaintiffs' counsel is aware, the non-tribal Delaware LLC, DE-Soaren, was merged out of existence by operation of law on June 1, 2020, well before the actions giving rise to the Complaint.

The distinction between the entities is purposely not easily discernible from the Complaint because Plaintiffs failed to comply with Civil Local Rule ("L.R.") 8, which requires a pleading based on diversity of citizenship to "identify the citizenship of all members" of an LLC. And although Plaintiffs' attorneys are acutely aware of the differences between Soaren and DE-Soaren, the allegations here appear to make a deliberate misidentification to confuse the parties and the claims presented to this Court.

There are consequences to Plaintiffs' gamesmanship. The failure to comply with L.R. 8 precludes this Court's opportunity to confirm diversity, which forecloses its subject matter jurisdiction and compels dismissal. Alternatively, without any clearly alleged claims against Soaren,

there is no possible way to effectuate service and demonstrate personal jurisdiction over Soaren. Under any of these bases, the Court should dismiss this lawsuit, with prejudice, as to Soaren.

## STATEMENT OF FACTS

On April 2, 2025, Plaintiffs filed the Complaint against "Soaren Management, LLC," Kraken Holdings, LLC ("Kraken"), and nine "Tribal Legislature Defendants." (ECF No. 1, Class Action Complaint ("Compl.") at ¶ 6). Plaintiffs allege that non-Party Eagle Lending, LLC d/b/a Fineday Funds ("Fineday"), a wholly owned economic arm of the Menominee Indian Tribe of Wisconsin, loaned them money and collected interest at rates higher than allowed under state laws. (Compl. at ¶¶ 3-5). None of the Plaintiffs reside in Wisconsin (Compl. at ¶¶ 13-29) and Fineday does not make loans in Wisconsin. (Compl. at ¶ 132 n. 13.)

### Soaren Management, LLC

Soaren Management, LLC ("Soaren") is a sole member limited liability company ("LLC") formed under Tribal law and is a wholly-owned subsidiary of Peak Servicing, LLC ("Peak"). (Declaration of Justin Gray in Support of Soaren's Motion to Dismiss Pursuant to FRCP 12(b)(1), 12(b)(6), 12(b)(4), and 12(b)(2) Exhibit ("Ex.") 1.) Peak is a sole member LLC wholly-owned and operated by the Big Valley Band of Pomo Indians of the Big Valley Rancheria ("Big Valley"). (Ex. 2.) Big Valley is a federally recognized Indian tribe. 89 Fed. Reg. 99899 (Dec. 11, 2024). Peak and Soaren were both organized pursuant to Tribal law in May 2020. (Ex. 1, Ex. 2.)

Despite the fact that (1) the merger of DE-Soaren is public record and shows that it ceased to exist as of June 1, 2020, and (2) Plaintiffs' counsel had actual knowledge of Big Valley's organization and ownership of Soaren since at least June 2021 (as discussed below), Plaintiffs chose to style the instant Complaint related to how it believed DE-Soaren existed prior to merger (and indeed prior to the operation of the Fineday portfolio). (Ex. 3; *cf.* Compl. at ¶ 30.)

6

**The *Dearry* Litigation**

In the Complaint, Plaintiffs reference *Dearry v. Soaren Management, LLC*, No. 2:21-cv-02548, ECF No. 1 (E.D. Pa. June 4, 2021). (Compl. at ¶ 129.) *Dearry* was a lawsuit brought by Plaintiffs' counsel, Kristi Kelly and Andrew Guzzo of Kelly Guzzo, PLC ("Kelly Guzzo"), where Kelly Guzzo, via local counsel, originally filed suit against DE-Soaren, but later voluntarily dismissed DE-Soaren and filed an amended complaint that states clearly:

> Soaren Management, LLC, which was originally named as a Defendant, was a limited liability company incorporated in Delaware with offices at 4045 Spencer St., Suite 312, Las Vegas, Nevada 89119 and 7020 E Acoma Dr., Scottsdale, Arizona 85254. However, in June 2020, Soaren was purportedly dissolved by merger into an entity associated with a Native American tribe located in California. Plaintiffs are investigating the bona fides of that merger transaction. Lacking a means to serve process on an LLC that purportedly no longer exists, Plaintiffs have dismissed Soaren, but without prejudice to a possible later rejoinder, after discovery.

(Ex. 4. at ¶ 17.) And in a footnote to that allegation, they continued:

> The circumstances surrounding this merger are suspicious and appear to be a calculated attempt to exploit sovereign immunity by transferring paper ownership of Soaren Management to a Native American tribe. Despite the merger, Soaren Management appears to continue to be operated by non-tribal individuals who are located in Las Vegas and Arizona—thousands of miles away from reservation land occupied by the Big Valley Band of Pomo Indians of the Big Valley Rancheria. This is a commonly used ruse. At least two other pioneers of the tribal lending model have attempted to avoid liability through the merger of their companies with tribal entities. (Citations omitted.)

*Id*. ¶ 17 n 2. Despite Kelly Guzzo's admission to the Pennsylvania court that DE-Soaren ceased to exist and Soaren is a tribal entity, Kelly Guzzo knowingly makes the same incorrect allegations here and intentionally concealed their actual knowledge that DE-Soaren ceased to exist by operation of law on June 1, 2020. For example, Kelly Guzzo alleges that "Soaren Management, LLC is

7

a limited liability company incorporated in Delaware" (Compl. at ¶ 30), that Soaren is 'nontribal' (Compl. at ¶¶ 123-125, 127, 128-130); and that:

> Soaren Management has also taken steps to actively conceal its management structure and involvement in the Fineday lending scheme. For example, its website claims that it is a subsidiary of another Native American Tribe—the Big Valley Band of Pomo Indians—but this, too, is a facade designed to shield Soaren from liability.

(Compl. at ¶ 136.) There is clear and irrefutable evidence showing that DE-Soaren merged into another entity and did not survive the merger, thus ceasing to exist by operation of Delaware law:[2] Kelly Guzzo's allegations in *Dearry* (Ex. 4); the Delaware documents (Ex. 3); and Soaren's formation documents. (Ex.1.) On this evidence, there is no reasonable dispute that DE-Soaren no longer exists and did not exist at any time pertinent to Plaintiffs' claims raised in the Complaint, and that Soaren is a tribally organized and tribally owned LLC. *Dearry* makes it clear that Kelly Guzzo knew the difference between the two entities and the legal effect of DE-Soaren's merger.

Because the misidentification continues throughout the Complaint, there is not a single clear allegation about Soaren. However, given the fact that the timeframes alleged in the Complaint relate to the time after Soaren was formed and DE-Soaren ceased to exist, out of an abundance of caution, Soaren responds in the instant Motion to protect and assert its rights.[3]

### The Complaint

The Complaint attempts to impute guilt by association. Plaintiffs' few substantive allegations that mention Soaren are actually related to DE-Soaren. This is made clear when Plaintiffs allege that [DE-]Soaren is a "nontribal coconspirator" that drives "Fineday's lending operation,"

---

[2] See 6 Del. C. § 18-209 (Limited Liability Act, Merger and consolidation.)

[3] But by doing so, Soaren does not admit or acknowledge to being a proper party to this litigation, waive or acquiesce any rights related to not being properly included or served, and denies that each and every allegation is applicable to Soaren.

(Compl. at ¶ 124), and that [DE-]Soaren has contracted "to make and collect on usurious loans in states across the country, including in Wisconsin, and to keep their identity hidden from consumers and regulators" (Compl. at ¶ 125).

However, later in the Complaint, and contrary to the generic allegations that [DE-]Soaren is some kind of lender-in-fact, Plaintiffs make more precise allegations that Soaren is a servicer, not a lender. Based on a recent investigation, Plaintiffs allege that "[a]ccording to its own website, Soaren provides 'tailored portfolio management, software development, customer service tele-communications, automated application processing, and asset recovery *services' for tribal lend-ers*." (Compl. at ¶ 128 n. 12, emphasis added.) And Plaintiffs allege that "[DE-]Soaren is the *operator of Fineday's website*, which is the sole avenue *through which Fineday accepts applica-tions for, issues, and services its usurious loans*." (Compl. at ¶ 126, emphasis added.) Plaintiffs also allege that [DE-]Soaren is among "the primary—if not sole—source of funds for *Fineday's operations*, [it] produce[s] all of the leads *for Fineday*; manages the technology and call centers that issue and service *Fineday's loans*; collect[s] payments on the loans; and sell[s] off nonper-forming debts." (Compl. at ¶ 127, emphasis added.)

Finally, Plaintiffs allege that [DE-]Soaren "reap[s] nearly all of the benefits from the lend-ing scheme, raking in, upon information and belief, millions of dollars a year from the triple-digit *loans issued by Fineday* and other lending entities under their control to thousands of low-income borrowers across the United States." (Compl. at ¶ 130.) These allegations confirm that Fineday —not Soaren—is the lender.

Few other allegations in the Complaint are relevant to the instant motion: those regarding alleged conduct in Wisconsin. No named Plaintiff resides in Wisconsin (Compl. at ¶¶ 13-29) and Fineday does not lend in Wisconsin (Compl. at ¶ 132 n. 13), nonetheless, Plaintiffs contradict

themselves (again) by alleging that lending occurred in Wisconsin and Plaintiffs reside in Wisconsin. (Compl. at ¶¶ 141, 147, 178-179, 210, 225, 230, 241, 242.) The only allegations against the Tribal Legislature Officials are about official capacity conduct, all of which occurred according to tribal law and from Indian lands—at least no allegations suggest otherwise. (Compl. at ¶¶ 140-141, 171.)

Finally, there are no allegations that Soaren is located in Wisconsin, has employees or agents in Wisconsin, does business in Wisconsin, has contracted with any Wisconsin resident, has any contact within or materially related to Wisconsin, or has otherwise submitted to any court's jurisdiction in Wisconsin. There are no allegations that Soaren has any contractual relationship with any borrower or owns any consumer loan. None would be true. And there are no allegations identifying the members of any of the LLC defendants as required by L.R. 8.

## ARGUMENT

### I. Plaintiffs have failed to demonstrate diversity of citizenship to establish subject matter jurisdiction.

#### A. Legal Standard under FRCP 12(b)(1).

As courts of limited jurisdiction, federal courts possess only the powers authorized by the Constitution and statute. *See Page v. Democratic National Comm.,*, 2 F.4th 630, 633 (7th Cir. 2021). The burden of proof lies with the party invoking jurisdiction – the plaintiff – to prove its existence. *Id.*

"Whether a party has failed to *demonstrate* diversity is distinct from whether diversity in fact *existed*, and only the latter is a question of subject-matter jurisdiction that cannot be waived." *Dancel v. Groupon, Inc.*, 940 F.3d 381, 384 (7th Cir. 2019) (cleaned up; emphasis in original). When a plaintiff cannot show diversity exists, it must dismiss the case for lack of subject matter jurisdiction. *Id.* at 386.

### B.    Plaintiffs have failed to comply with L.R. 8.

Plaintiffs – all nonresidents of Wisconsin – have asserted diversity jurisdiction under 28 U.S.C. § 1332(d)(2) as the basis for this Court's subject matter jurisdiction, which, in relevant part, states: "The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which--(A) *any member of a class of plaintiffs is a citizen of a State different from any defendant.*"  (See Compl. at ¶ 10.)  Because the Court "has an independent duty to satisfy itself that it has subject-matter jurisdiction," *Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994), to determine whether diversity exists, the Court must consider the citizenship of all of the parties.[4]  This is the exact reason for L.R. 8.

Under L.R. 8, if a pleading asserts jurisdiction based on diversity of citizenship the pleading must identify "the citizenship of each party to the litigation . . . If any party is an unincorporated association, limited liability company, or partnership, the pleading or notice must identify the citizenship of all members."  L.R. 8 aligns with an abundance of authority.[5]

---

[4] Plaintiffs do plead the Tribal Legislature Defendants are residents of Wisconsin, however that is not helpful because "residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction." *Meyerson v. Harrah's East Chicago Casino,* 299 F.3d 616, 617 (7th Cir.2002).  "Questions of service of process and venue are obviously distinct from that of proper subject matter jurisdiction" so residency considerations are relevant for venue and service of process purposes while citizenship is the proper consideration for diversity purposes.  See *Gen. Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 704 (7th Cir. 1991).  And pleading that DE-Soaren and Kraken Holdings, LLC have offices in Arizona is similarly not helpful because the citizenship of an LLC is the citizenship of its members.  *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 635 (7th Cir. 2021); *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007).

[5] See, e.g., *Wilson v. Does*, No. 25-CV-305-JDP, 2025 WL 1883821, at *2 (W.D. Wis. July 8, 2025) ("Without a federal claim, the court would not have jurisdiction over Wilson's state-law claim on the basis of diversity because he hasn't alleged that he and defendants have different citizenship, and his allegations don't suggest that they do."); *Blair v. Reisen*, No. 25-CV-215-JDP, 2025 WL 1857612, at *1 (W.D. Wis. June 16, 2025) (without allegations supporting citizenship, a court cannot accept them as true for diversity purposes.); see also *Carr v. IF&P Holding Co., LLC*, No. CV 22-480, 2024 WL 1675185, at *3 (E.D. La. Apr. 18, 2024) ("Thus, to properly allege diversity jurisdiction in a case where the plaintiff sues a limited liability company, the Fifth Circuit requires that the party must specifically allege the citizenship of every member of every LLC."); *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017) (failure to allege diversity when each member's citizenship of the many LLC and partnership-litigants not alleged); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (holding federal

It cannot be reasonably disputed that Plaintiffs have failed to allege any facts about the citizenship of Soaren's (or Kraken's) members. Plaintiffs allege that [DE-]Soaren is managed by Kraken (Compl. at ¶¶ 30-31), but nothing in the Complaint alleges or provides factual support to help the Court identify the citizenship of either entity for diversity jurisdiction purposes.

While in some instances it may be appropriate to allow Plaintiffs to amend to comply with L.R. 8, this is not one of them. The face of the Complaint only raises allegations regarding DE-Soaren, a nonexistent entity of which there are no members by virtue of it no longer existing–*ergo*, Plaintiffs would have to overhaul the Complaint (to aim its allegations at Soaren) to comply with L.R. 8. Next, before Plaintiffs are allowed to examine the other defendants' citizenship, this Court must confirm that there are no other bars to its subject matter jurisdiction, *e.g.*, tribal sovereign immunity, and whether the pending Motion to Compel Arbitration and Stay, or in the Alternative, to Dismiss Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) should be granted. (ECF Nos. 18-19.)

Based on the sparse allegations in the Complaint, it is unlikely that providing Plaintiffs with the opportunity to amend their Complaint would address these critical deficiencies, thus making amendment futile. *See Matta-Velazquez v. Dep't of Health Servs.*, No. 22-CV-527-PP, 2023 WL 5310090, at *3 (E.D. Wis. Aug. 17, 2023) ("The case cannot proceed until the court assures itself that the court has subject matter jurisdiction."). Because Plaintiffs have not met their burden of demonstrating diversity, this Court cannot exercise subject matter jurisdiction and dismissal is both necessary and appropriate.

---

jurisdiction must be distinctly and affirmatively alleged by citizenship of the parties); *Am. Motorists Ins. Co. v. Am. Emp. Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979) (failing to allege the citizenship of the parties required remand).

12

A. **Legal Standard for Rule 12(b)(6).**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint does not suffice under the standards of Rule 8(a)(2) "if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Taha v. International Brotherhood of Teamsters*, 947 F.3d 464, 469 (7th Cir. 2020) (internal citations omitted). Consistent with these principles, "when considering the viability of a claim in the face of a Rule 12(b)(6) challenge, this Court may "reject sheer speculation, bald assertions, and unsupported conclusory statements." *Id.* (citing *Yeftich v. Navistar, Inc.,* 722 F.3d 911, 915 (7th Cir. 2013)).

B. **The allegations in the Complaint relate to a nonexistent LLC.**

Plaintiffs allege that "Defendant Soaren Management, LLC is a limited liability company incorporated in Delaware . . ." (Compl. at ¶ 30.) That allegation relates solely to DE-Soaren, which once existed, but was merged out of existence on June 1, 2020. (Ex. 3.)

This is no mere innocuous misnomer. *Cf. Lewis v. Consumer First Props.*, No. 08-CV-985, 2009 WL 3515648, at *2 (E.D. Wis. Oct. 28, 2009) ("if service of process is made on the party intended to be sued, the misnomer or misdescription may be corrected by amendment at any stage of the suit."). Kelly Guzzo is well aware of the merger that extinguished DE-Soaren (Ex. 4 at ¶ 17), and has deliberately pled against the wrong entity as part of a strategy to concoct a basis for jurisdictional discovery as to Soaren. As described above, in *Dearry,* Kelly Guzzo wisely voluntarily dismissed the suit against DE-Soaren because they "lack[ed] a means to serve process on an LLC that purportedly no longer exists." *Id*. While Kelly Guzzo may have some theory that

13

the merger was a "ruse," *id*. at ¶ 17 n 2, it is still required to sue the proper party and make allegations against Soaren for the Complaint to survive.  It has failed to do so, warranting dismissal of this action under Rule 12(b)(6).

**III.     Process was insufficient because Plaintiffs failed to name the proper party.**

An error naming the proper defendant gives rise to a motion to dismiss for insufficient process.  *See Knox v. Pendergast,* No. 06-C-61, 2007 WL 1413681, at *3 (E.D.Wis. May 11, 2007) ("Deficiencies cognizable under Rule 12(b)(4) include errors in naming the proper defendant.") *Bilal v. Rotec Indus., Inc.,* No. 03 C 9220, 2004 WL 1794918, at *4 (N.D. Ill. Aug. 5, 2004) (same). The plaintiff "bears the burden of showing sufficient process under Rule 12(b)(4)."  *Driessen v. Vabalaitus*, No. 23-CV-45-JDP, 2023 WL 3600252, at *1 (W.D. Wis. May 23, 2023)

All allegations in the Complaint are against DE-Soaren and not Soaren.  Consequently, by failing to name the proper party, service was insufficient, requiring dismissal.  Leave to amend should be denied, both because of Plaintiffs' counsel's bad faith conduct (by deliberately suing the wrong party and concealing their knowledge that DE-Soaren no longer exists from the Court) and because any amendment would be futile until the Court can confirm it has subject matter jurisdiction, described above.

**IV.     This Court lacks personal jurisdiction over Soaren.**

**A.     Legal Standard under FRCP 12(b)(2).**

A motion to dismiss under Rule 12(b)(2) challenges the court's authority over a defendant. Fed. R. Civ. P. 12(b)(2); *Salinger v. Lawler*, No. 24-CV-1417-SCD, 2025 WL 2466105, at *2 (E.D. Wis. Aug. 27, 2025).  There are two types of personal jurisdiction: general and specific. *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017).  General personal jurisdiction over a defendant may exist when the defendant has such systematic and continuous contact with the

forum state that the defendant could be considered at home there. *Daimler AG v. Bauman*, 571 U.S. 117, 126-27 (2014). Alternatively, specific personal jurisdiction may exist when the defendant has more limited contacts with the forum state, so long as those contacts are related to the claims in the lawsuit. *Felland v. Clifton*, 682 F.3d 665, 672 (7th Cir. 2012) (explaining specific jurisdiction must be authorized by the forum state's personal-jurisdiction or long-arm statute and meet requirements of Due Process Clause). Even though the allegations are presumed to be true, "[o]nce disputed, the party asserting personal jurisdiction... must prove what it has alleged.'" *Id*.; quoting *Durukan America, LLC v. Rain Trading, Inc.*, 787 F.3d 1161, 1163–64 (7th Cir. 2015).

**B.     There are no allegations against Soaren.**

As explained above, Plaintiffs have deliberately misidentified Soaren, treating the tribally-owned company as if it were DE-Soaren. For example, Plaintiffs allege that Soaren is incorporated in Delaware (Compl. at ¶ 30), but that is not true. DE-Soaren was an LLC organized under Delaware law while Soaren is an LLC organized under Big Valley's law. (Ex. 3; Ex. 1.) Plaintiffs allege that Kraken is Soaren's manager, (Compl. at ¶ 31), but that also is not true, as Peak Servicing, LLC, a wholly-owned and operated arm of Big Valley is Soaren's member-manager. (Ex. 1; Ex. 2.) And in all of the substantive allegations, Plaintiffs repeatedly allege that Soaren is "nontribal," (Compl. at ¶¶ 124, 125, 127, 129, 130), but again, Soaren is a tribal company which clearly demonstrates that the Plaintiffs aim their allegations at DE-Soaren. (Ex. 1.)

Without any allegations against Soaren, there is no need to delve into the nuances of general and specific personal jurisdiction—Plaintiffs cannot even overcome the most basic expectation of alleging facts to support any form of personal jurisdiction. Without allegations to establish personal jurisdiction, the case must be dismissed as to Soaren.

15

**CONCLUSION**

For the foregoing reasons, Soaren's Motion should be granted, and this case should be dismissed as to Soaren, with prejudice.

Date: September 26, 2025                          Respectfully submitted,


                                                 /s/ *Justin Gray*

                                                 _____
                                                 Justin Gray
                                                 State Bar No. 11050509
                                                 Attorney for the Specially-Appearing
                                                 Defendant Soaren Management, LLC
                                                 MSHKAWZI LAW, LLP
                                                 44 Cesar E. Chavez Ave. SW
                                                 Suite 250
                                                 Grand Rapids, MI 49503
                                                 Telephone: (616) 655-1601
                                                 Email: jgray@mshkawzilaw.com

16

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of September 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/ *Abbey Smith*
Abbey Smith
Paralegal
Mshkawzi Law, LLP
44 Cesar E. Chavez Ave., Suite 250
Grand Rapids, MI 49503
Telephone: (616) 719-2823
Facsimile: (517) 913-6443

17