**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

**GREEN BAY DIVISION**

ALICE GILL, *et al.,*

         Plaintiffs,

v.

SOAREN MANAGEMENT, LLC, *et al.*,

         Defendants.

Civil Action No.: 1:25-cv-00489-BBC

Hon. Judge Byron B. Conway

**REPLY IN SUPPORT OF SPECIALLY-APPEARING DEFENDANT**
**SOAREN MANAGEMENT, LLC'S MOTION TO DISMISS PURSUANT TO**
**FRCP 12(b)(1), 12(b)(6), 12(b)(4), and 12(b)(2)**

**INTRODUCTION**

Plaintiffs' Opposition (ECF No. 41) is laden with premature merits arguments and unsupported inferences all aimed at reframing the issues presented in specially-appearing Defendant Soaren Management, LLC's ("Soaren's") Motion to Dismiss Pursuant to FRCP 12(b)(1), 12(b)(6), 12(b)(4) and 12(b)(2) ("Motion," ECF No. 31). It is unpersuasive.

The Motion does not concern the lawful conduct of the Menominee Indian Tribe of Wisconsin, its arm of the tribe, Eagle Lending, LLC, or the official acts of the Tribal Legislature Defendants. (ECF No. 1, ¶ 6 (defining Tribal Legislature Defendants).[1]) Rather, the Motion challenges Plaintiffs' deliberate decision to sue the wrong entity and their failure to comply with Civil Local Rule ("L.R.") 8 to disguise their motives—errors that obscure the Court's basis for jurisdiction and may prevent Plaintiffs from ever reaching the merits of their claims.

Contrary to Plaintiffs' assertion, there is nothing "puzzling" about the Motion. (ECF No. 41 p. 2.) The evidence is clear and uncontested: Soaren is organized under the laws of the Big Valley Band of Pomo Indians of the Big Valley Rancheria ("Tribe") (ECF No. 31-1 Ex. 1); a non-tribal Delaware entity, referred to as "DE-Soaren" in the Motion, ceased to exist by operation of law following a publicly documented merger in 2020 (ECF No. 31-1 Ex. 3). Plaintiffs' counsel knew that Soaren is organized under Tribal law and that DE-Soaren was defunct (ECF No. 31-1 Ex. 4 ¶ 17); yet Plaintiffs chose to sue DE-Soaren anyway.

Regardless of Plaintiffs' intent, the result is the same: the Court cannot determine whether diversity jurisdiction exists;[2] there are no clearly pleaded allegations as to Soaren's conduct in the

---

[1] While Defendant Crystal Chapman-Chevalier is the CEO of the tribal business and not an elected tribal official, the minor distinction does not change the analysis for purposes of this motion, accordingly, she is considered among the Tribal Legislature Defendants here. (See ECF No. 1 ¶ 41.)

[2] Although Plaintiffs do not allege federal question jurisdiction, Plaintiffs' assertion of federal question jurisdiction arising under RICO is not at issue in the Motion. (See, e.g., ECF No. 41 p. 3.) The Complaint does not allege, reference, or imply federal question jurisdiction under 28 USC § 1331. In the Complaint, Plaintiffs rely exclusively on

Complaint; the summonses (ECF Nos. 6 and 12) were defective; and there is no basis to establish personal jurisdiction over Soaren. The appropriate remedy remains dismissal as to Soaren, as Plaintiffs cannot demonstrate a good-faith basis in law and fact.

There is likewise no "analogous circumstance" (ECF No. 41 p. 2) that excuses Plaintiffs' noncompliance with L.R. 8 or their decision to direct allegations against a defunct entity. Plaintiffs do not cite any authority supporting such a scenario, nor any case where plaintiffs knowingly sued a non-existent company and refused to amend despite having the clear opportunity to do so.[3]

For the reasons set forth in the Motion, and because Plaintiffs' explanations do not justify their decision to sue a defunct entity in violation of L.R. 8, the Court should grant the Motion and dismiss the Complaint.

## ARGUMENT

**I.**     **Dismissal under Rule 12(b)(1) is warranted as Plaintiffs cannot establish diversity jurisdiction.**

        **A.**     **Plaintiffs have violated L.R. 8.**

---

jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2) as the basis for subject matter jurisdiction and RICO for personal jurisdiction. (ECF No. 1 ¶¶ 10-11.) However, 18 USC § 1965 is a venue provision. The jurisdictional allegations related to RICO are only asserting personal jurisdiction, primarily so they can have nationwide jurisdiction and concoct a conspiracy. (ECF No. 1 ¶ 11.) Moreover, even accepting that unpled federal question jurisdiction exists under 28 USC § 1331, a federal question arising under RICO does not allow for a class actions lawsuit.

    Plaintiffs argue that a Montana District Court denied a Rule 12(b)(1) motion finding that "'RICO also provides a civil cause of action for persons injured in their business or property by persons who violated the criminal provision. 18 U.S.C. § 1964(c). The action may be brought "in any appropriate United States district court." 18 U.S.C. § 1964(c). The Court thus has subject matter jurisdiction over claims brought under RICO.' *Wilhite v. Awe Kualawaache Care Ctr.*, 2018 WL 3586539, at *1 (D. Mont. July 26, 2018)." The unpublished Montana case is not helpful here as this is not a criminal matter and RICO speaks for itself.

[3] On October 30, 2025, in the interests of judicial economy and with a practical solution, Soaren offered to consent to Plaintiffs' leave to amend. Plaintiffs refused.

Plaintiffs fail to demonstrate how their Complaint is in compliance with L.R. 8. This act is more consequential than a mere oversight; it prevents this Court from determining jurisdiction.[4] Plaintiffs are simply wrong to argue that "identifying Soaren Management as a Delaware entity— as opposed to an entity formed under the laws of the Tribe—makes no difference as to any of the issues in this motion." (Opp. p. 13.) The proper identification of the citizenship of the parties is critical to resolution of the Motion.[5]

"[F]ederal courts have an independent obligation to ensure that they *do not exceed* the scope of their jurisdiction...." *Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 434 (2011) (emphasis added). This Court is responsible for independently evaluating the sufficiency of the allegations to determine whether the parties meet the diversity requirements of 28 U.S.C. § 1332. *See Muscarello v. Ogle Cnty. Bd. of Comm'rs,* 610 F.3d 416, 425 (7th Cir. 2010); *Buchel–Ruegsegger v. Buchel,* 576 F.3d 451, 453 (7th Cir. 2009).

Because of this independent obligation, courts often, if not always, require parties to amend their pleadings if they do not comply with L.R. 8. Plaintiffs' assertions to the contrary are simply not supported by this District's caselaw. First, Soaren's Motion discussed *Matta-Velazquez v. Dep't of Health Servs.*, No. 22-CV-527-PP, 2023 WL 5310090, at *3 (E.D. Wis. Aug. 17, 2023), where the court explained L.R. 8 and found that "the parties have not established that this court has subject matter jurisdiction" because "neither the complaint nor the notice of removal describe the citizenship of the defendant." *Id*. The Court emphasized that L.R. 8 requires that "[i]f any party is an . . . *limited liability company . . . the pleading or notice must identify the citizenship of*

---

[4] It is likely that Plaintiffs realize that they may be ordered to amend, thus motivating their preemptive voluntary dismissal of Defendant Kraken Holdings, LLC ("Kraken"). Plaintiffs have no way to know Kraken's members without jurisdictional discovery and would never be able to comply with L.R. 8 with Kraken remaining as a party. Plaintiffs scoffed at the notion of jurisdictional discovery. (ECF No. 41 p. 13 n 5.)

[5] It is even more crucial in the wake of Plaintiffs' voluntary dismissal of Kraken Investments, LLC (ECF 31-2 Ex. ¶ 17), as now all defendants are tribal companies or officials.

*all members.*" Civil L.R. 8 (E.D. Wis.) (emphasis added). *Id*. Because the party invoking jurisdiction "has neither complied with Civil L.R. 8 nor met its burden to demonstrate complete diversity," "[t]he case cannot proceed until the court assures itself that the court has subject matter jurisdiction." *Id*.

In *Milwaukee World Trading LLC v. Kapsch*, No. 22-CV-322-PP, 2023 WL 2541556, at *5 (E.D. Wis. Mar. 16, 2023), the court issued an order to show cause because the plaintiffs had failed to comply with L.R. 8. The Court noted "that once the plaintiff had supplemented the record and complied with the local rule identifying its members" then the Court could turn to the pending motions to dismiss and motion for sanctions. *Id*.

Similarly, in *Hadley Claim 1, LLC v. United Sols. & Servs. LLC*, No. 13-C-1162, 2014 WL 12676237, at *1–2 (E.D. Wis. Oct. 31, 2014) "the verified complaint failed to plead jurisdiction sufficiently and ignored Civil Local Rule 8." The Court found it "troubling" when "defendants' counsel admitted that he did not know the members" of a defendant LLC. *Id*. Although "[d]ismissal would have been proper," but "[n]evertheless, the court gave the parties additional time to consider the matter and ordered the parties to submit briefs as to why this case should not dismissed for lack of subject matter jurisdiction." *Id*. The plaintiffs were given 21 days to comply with L.R. 8, as the Court noted: "The plaintiff has failed to identify in this record, the identities of each person who is a member of each LLC or entity with a cognizable interest in the plaintiff's claim in this action. The court believes that the plaintiff should have this information and that the defendants are entitled to see it immediately." *Id*.

In *Principle Sols. LLC v. Feed.ing BV*, No. 13-C-223, 2013 WL 2458630, at *1–2 (E.D. Wis. June 5, 2013), the Court was not persuaded by a complaint's allegation regarding an LLC's principal place of business as it "is irrelevant to the issue of subject matter jurisdiction." The court

explained that for diversity purposes, "a plaintiff claiming diversity jurisdiction may not do so on the basis of information and belief, only personal knowledge is sufficient [citation omitted] . . . Alleged jurisdictional facts must be supported by competent proof. [citation omitted]." *Id*.

Likewise, in *Reimer-Becker v. Guar. Fin. Corp.*, No. 12-C-745, 2012 WL 3113189, at *1–3 (E.D. Wis. July 31, 2012), the complaint failed to allege the citizenships of the parties. The Court required the plaintiff to amend the complaint "to expand its factual allegations regarding the citizenship" of the defendants, warning that "[f]ailure to file an amended Complaint by the stated deadline will result in the dismissal of this action for lack of subject matter jurisdiction." *Id*.

Here, Plaintiffs argue that 28 U.S.C. § 1653 allows them to amend the allegations to establish diversity jurisdiction. However, despite acknowledging the defect, they have not done so and declined Soaren's offer to consent to leave to amend. As pleaded, the Complaint does not comply with L.R. 8, the Court cannot ascertain whether diversity exists, and Plaintiffs refuse to cure this defect, thus, dismissal is appropriate.

### B. Plaintiffs cannot support a class action under CAFA.

"CAFA does not alter the burden of establishing the district court's jurisdiction." *Sabrina Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 578–79 (7th Cir. 2017). Now, because of Plaintiffs' recent voluntary dismissal of Defendant Kraken Holdings, LLC ("Kraken"), the allegations do not support diversity jurisdiction under CAFA. Despite Plaintiffs' contention that "the record has been supplemented and shows that there is minimal diversity," (ECF No. 41 p. 9), the declaration from one plaintiff showing Indiana citizenship does not suffice when all of the current Defendants are stateless for purposes of establishing diversity jurisdiction.

Under 28 U.S.C. § 1332(d)(2)(A), the relevant provision here, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum

or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . (A) any member of a class of plaintiffs is a citizen of a State different from any defendant."[6]  And under § 1332(d)(5)(A): § 1332(d)(2) "shall not apply to any class action in which . . . (A) the primary defendants are . . . other governmental entities against whom the district court may be foreclosed from ordering relief."

Here, the primary Defendants are governmental entities.  If Soaren were named properly and consistent with facts known to Plaintiffs' counsel, it would be as a tribally-owned arm of the Tribe.  By Plaintiffs' own nomenclature, it is clear that the Tribal Legislature Defendants are government officials.  Consequently, both Soaren and the Tribal Legislature Defendants are parties against whom the Court *may* be barred from ordering relief because of tribal sovereign immunity. As a result, CAFA does not apply.

Alternatively, even if jurisdiction were considered under § 1332(d)(2), diversity does not exist.  Plaintiffs have not disputed, or even substantively addressed, that Soaren is organized under Tribal law.  (ECF No. 31-2.)  Accordingly, Soaren is "stateless" for purposes of diversity jurisdiction (regardless of any dispute over tribal sovereign immunity).  See, e.g., *Liveious v. Caesars Ent., Inc.*, No. 4:24-CV-00145-TWP-KMB, 2025 WL 2022619 (S.D. Ind. July 18, 2025) (holding an Indiana LLC whose sole member was an Indian tribe is stateless for diversity purposes).

Plaintiffs also incorrectly rely on the individual residences of the Tribal Legislature Defendants (See ECF No. 1 ¶ 6) to argue that diversity exists.  (ECF No. 41 pp. 7-9.)  That would only be relevant if the Tribal Legislature Defendants were sued in their individual capacities; however, the Complaint asserts claims solely against them in their official capacities.[7]  Because

---

[6] Plaintiffs have not alleged damages in excess of $5 million.

[7] According to the allegations, "[p]ursuant to the Tribe's Constitution and the laws of the Tribe, the Tribal Legislature Defendants direct, control, and oversee the economic affairs and enterprises of the Tribe."  (ECF No 1. ¶ 6.)  And each

official-capacity claims are treated as claims against the tribal entity itself, the Tribal Legislature Defendants are government entities for purposes of § 1332(d)(2) and are likewise "stateless." Accord *Trepania v. Pelky*, No. 25-CV-1053-PP, 2025 WL 2816726, at *4 (E.D. Wis. Oct. 1, 2025) (official capacity claims are claims against the entity); *Khoza v. William B. Bryant Annex Courthouse*, No. 1:25-CV-01033 (UNA), 2025 WL 1305682, at *2–3 (D.D.C. May 1, 2025), *aff'd,* No. 25-7075, 2025 WL 2803777 (D.C. Cir. Oct. 2, 2025) (officials cannot be sued in official capacities in diversity).

Because both Soaren and the Tribal Legislature Defendants are stateless, diversity does not exist —a defect Plaintiffs cannot cure. Accordingly, dismissal is warranted under Rule 12(b)(1).

**II.     Plaintiffs have not overcome Soaren's basis for dismissal under Rule 12(b)(6).**

**A.     Plaintiffs have not provided authority to excuse their failure to state a claim against Soaren.**

In the Opposition, Plaintiffs do not address Soaren's arguments directly. Instead, they repeat their allegations against the defunct pre-merger entity, DE-Soaren. (ECF No. 41 p. 9.) While those allegations might have once survived a motion to dismiss before the 2020 merger, the undisputed evidence supplied by Soaren to Plaintiffs' counsel in 2021 and again in support of its Motion (ECF No. 31-2) establishes Soaren's tribal ownership. Consequently, there is no non-tribal ownership to support Plaintiffs' allegations. Plaintiffs' error is not a mere misnomer —their entire case's theory of liability hinges on Plaintiffs' allegations that Soaren is a non-tribal entity. Once Soaren's tribal ownership is acknowledged, there can be no liability. *Accord Michigan v. Bay*

<hr>

of the Tribal Legislature Defendants are introduced by their role for the tribe's government or official capacity. (ECF No. 1 ¶¶ 32-41.) While the Plaintiffs attempt to overcome this with bald assertions that they "seeks monetary damages against [Tribal Legislature Defendants] in [an] individual capacity, while seeking injunctive and declaratory relief against [them] in [their] official capacity," the allegations show that all allegations relate to their official capacity.[7] (See ECF No. 1 ¶ 6, 32-41, 140, 141, 171, 247.) There are no allegations of any conduct by any of the Tribal Legislature Defendants acting outside their official capacities.

*Mills Indian Cmty.*, 572 U.S. 782, 788 (2014) (only Congress can regulate Indian tribes); *Mestek v. LAC Courte Oreilles Cmty. Health Ctr.*, 72 F.4th 255, 261 (7th Cir. 2023) (arms of the tribe and tribal officials are immune from suit); *Meyers v. Oneida Tribe of Indians of Wisconsin*, 836 F.3d 818, 827 (7th Cir. 2016) ("[W]hether an Indian tribe is *subject* to a statute and whether the tribe may be *sued* for violating the statute are two entirely different questions.").

Plaintiffs' Opposition to Soaren's Rule 12(b)(6) motion lacks substance. None of the authorities they cite support the proposition that a party may sue a defunct entity and compel a different entity to appear in its place. (See ECF No. 41 pp. 9-10.) In fact, their cited cases reinforce Soaren's position.

For example, in *Dixon v. Gatzke*, the court considered claims against two entities "Borrow-Works" and "BWDS."90 F. Supp. 3d 679, 687 (N.D. Ill. 2025). The court noted that Gatzke, the CEO of BWDS, stated under oath that BorrowWorks no longer existed, and the plaintiff did not dispute this. The court therefore granted dismissal as to BorrowWorks. *Id*. at 692-693 n.1. Similarly, in *Smith v. Martorello*, the plaintiffs properly sued an existing non-tribal vendor rather than a prior business entity that ceased to exist after it was acquired by a tribal arm. No. 3:18-CV-1651-AC, 2021 WL 981491, at *2 (D. Or. Mar. 16, 2021). Unlike those cases, Plaintiffs here persist in suing an entity they know has not existed since June 2020.

Even as early as 1945 in *Bowles v. Underwood Corp.*, the Court recognized that "an incorrect description" in an allegation was "merely surplusage" because "[u]nder Rule 9(a), it was not necessary to aver the legal existence of an organized association of persons *except to the extent required to show the jurisdiction of the court*." 5 F.R.D. 25, 26 (E.D. Wis. 1945) (emphasis added). The Court also allowed plaintiff to amend, finding that "the defendant was in no way prejudiced by the error describing the State of the defendant's incorporation." *Id*.

9

Here, by contrast, Soaren's legal existence is central to the Court's jurisdictional analysis. Soaren has been compelled to specially-appear here and defend itself despite being a tribal entity with sovereign immunity, and Plaintiffs refuse to amend their pleadings to make the Tribe's ownership and control clear. In every case Plaintiffs cite, only existing entities were named and properly served. The remainder of the Opposition merely repeats irrelevant arguments and fails to cure Plaintiffs' inability to state a claim against tribally owned Soaren.

### B. Plaintiffs' reliance on "Soaren Management's" website is not credible.

Plaintiffs admit to a harmless error, claiming they relied on Soaren's website to determine that DE-Soaren was the proper party. They assert that "[a]ccording to Soaren Management's website, it has two locations" in Arizona and Nevada. (ECF No. 41 p. 3.) First, this assertion contradicts Plaintiffs' own summons request. The first summons names Soaren Management, LLC, c/o Capital Services, Inc., Dover, Delaware (ECF No. 6), and the second names Soaren Management, LLC, c/o Andrew Dunn (registered agent), Phoenix, Arizona. (ECF No. 12.) Together, these demonstrate Plaintiffs' continued, deliberate attempt to identify the wrong DE-Soaren. The website does not state, or even imply, that "Soaren Management" has a registered agent in Delaware or Arizona.

Second, no reasonable attorney would rely on a company's office locations in Arizona and Nevada as a basis for pleading diversity jurisdiction over an LLC. While a company's physical presence might be relevant to personal jurisdiction, diversity jurisdiction depends on the citizenship of the LLC's members. *Liveious,* at *3 ("For purposes of diversity jurisdiction, the citizenship of a limited liability company is the citizenship of its members.") (citing *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007)); *see also Americold Realty Tr. v. Conagra*

10

*Foods, Inc.*, 577 U.S. 378, 381–82 (2016); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

Third, Soaren's own website clearly states that "Soaren, a wholly owned subsidiary of the Big Valley Band of Pomo Indians of the Big Valley Rancheria . . ."[8]  This statement alone would alert any reasonable attorney that further investigation was necessary to identify the proper party, especially in light of the admissions in *Dearry v. Soaren Management, LLC,* No. 2:21-cv-02548, ECF No. 33 (E.D. Pa. Oct. 14, 2021) and Plaintiffs' counsel's pre-suit discussions, during which Soaren's counsel explicitly acknowledged that Soaren was tribally owned.  (ECF No. 31 pp. 7-8 (describing *Dearry*).)

### C.  Plaintiffs' reliance on the Arizona Corporation Commission is not credible.

Plaintiffs also claim that they relied on the Arizona Corporation Commission ("AzCC") website to identify the correct defendant.  (ECF No. 41 p. 3.)  However, the record and their counsel's own conduct undermine that assertion.  First, the AzCC records they cite clearly show that they were last updated on October 18, 2017 —four years earlier than Plaintiffs' counsel's federal court filing admitted their knowledge of the Delaware merger.  (Cf. ECF No. 31-2 Ex. 3, ECF No. 41-1 Ex. A.)  Thus, Plaintiffs were not "[r]elying on the *current* records" of the AzCC, (ECF No. 41 pp. 3 (emphasis in original), p. 13 n.5), but rather *the results of a current search of old records that showed 2017 filings.*[9]  The argument that a company may have failed to update its Arizona records (ECF No. 41 pp. 4, 13) is irrelevant; Plaintiffs had a duty to ensure that they sued the

---

[8] https://soaren.io/about/ (last visited November 12, 2025.)

[9] Under Arizona's requirements, LLCs are not required to file annual reports or pay annual fees.  And as wholly owned arm of the Tribe, Soaren files with the Tribal Secretary pursuant to Tribal law, not the laws of the State of Arizona.

11

correct entity, particularly once they were on notice and had personal knowledge of later public filings.

Second, Plaintiffs' conduct further discredits their claimed reliance on the AzCC. When their first summons (ECF No. 6) went unserved, they had a second summons issued to a different agent (ECF No. 12), which also failed. This pattern of failed service attempts demonstrates that Plaintiffs did not actually rely on AzCC information. Choosing to rely on 2017 filings rather than more recent 2020 records was not only illogical, but also inconsistent with their claimed diligence.

### III. The defective summonses supply two bases for dismissal.

"Before a court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Mississippi Publishing Corp. v. Murphree,* 326 U.S. 438, 444–445 (1946). Plaintiffs were issued two summonses (ECF Nos. 6 and 12), but neither could be served on the now-defunct DE-Soaren. Ultimately, Plaintiffs approached Soaren's attorneys —who represent only Indian tribes and their arms – to waive service. (ECF No. 17.) Plaintiffs' attempts support dismissal under both Rule 12(b)(4) and Rule 12(b)(2).

Both summonses were defective, leading Soaren to waive service solely to preserve the right to challenge this Court's jurisdiction.[10] The waiver of service does not cure the fact that Plaintiffs have named a defunct entity on both summonses.[11] Nor does the waiver confer personal jurisdiction; to establish personal jurisdiction, Plaintiffs must properly sue an existing entity.

---

[10] https://www.mshkawzilaw.com/about/

[11] "The waiver of summons expressly preserves 'all defenses or objections to ... the court's jurisdiction;' it merely waives an objection as to the lack of service." *Midamines SPRL Ltd. v. KBC Bank N.V.*, No. 18 CV 01489, 2019 WL 4391261, at *2 (N.D. Ill. Mar. 14, 2019); citing Fed. R. Civ. P. 4(d)(5) ("Waiving service of a summons does not waive any objection to personal jurisdiction or to venue."); *see also Campbell ex rel. Equity Units Holders v. Am. Int'l Grp., Inc.*, 86 F. Supp. 3d 464, 475 (E.D. Va. 2015) (holding that "the waiver of summons forms explicitly reserves [sic] the party's right to challenge the court's jurisdiction").

12

**CONCLUSION**

For the reasons set forth here, and in the Motion, the Court should grant the Motion and dismiss the Complaint as to Soaren without leave to amend.

Date: November 12, 2025

Respectfully submitted,

s/ Justin Gray

_____

Justin Gray (11050509)
*Attorney for the Specially-Appearing Defendant*
*Soaren Management, LLC*
MSHKAWZI LAW, LLP
44 Cesar E. Chavez Ave. SW
Suite 250
Grand Rapids, MI 49503
Telephone: (616) 719-2823
Email: jgray@mshkawzilaw.com

13

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of November 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/ *Abbey Smith*

Abbey Smith
Paralegal
Mshkawzi Law, LLP
44 Cesar E. Chavez Ave., Suite 250
Grand Rapids, MI 49503
Telephone: (616) 719-2823
Facsimile: (517) 913-6443

14