## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### Green Bay Division

ALICE GILL, *et al.*, *on behalf of themselves*   :
*and all individuals similarly situated,*   :
  :
      Plaintiffs,   :
  :
v.   :   Civil Action No. 1:25-cv-00489-BBC
  :
SOAREN MANAGEMENT, LLC, *et al.*,   :
  :
      Defendants.   :
_____:

## PLAINTIFFS' REPLY REGARDING MOTION TO VACATE STAY

Plaintiffs, by counsel, respectfully submit this reply brief in response to the Tribal Defendants' Response to the Plaintiffs' Motion to Vacate the Stay as a result of the Seventh Circuit's decision in *Harris*.

On January 9, 2026, this Court entered an order explaining that the *Harris* case pending before the Court of Appeals for the Seventh Circuit is a "case that presents many of the same questions as those raised in the motions currently pending before this court." ECF 44. The Court further explained that it had been "awaiting a decision in that matter," but a recent order from the Seventh Circuit "requesting additional briefing suggests that a decision might not be imminent." *Id*. The Court's Order further provided that the "proceedings in this matter are stayed pending resolution of that appeal." *Id*.

On March 31, 2026, the Seventh Circuit issued its decision in *Harris*, which affirmed a district court's denial of a motion to compel arbitration filed by an online lender affiliated with a Native American tribe. On April 2, 2026, Plaintiffs then filed a Notice of the Seventh Circuit's Decision in *Harris* and, in accordance with the January 9, 2026 Order, Plaintiffs requested the

Court to lift the stay and return the case to its active docket. Because Plaintiffs incorrectly filed their request as a notice (rather than a motion), the Clerk's Office modified the event filing on April 3, 2026, without any further action taken by the Plaintiffs. *See* ECF 45.

On April 23, 2026, the Tribal Defendants filed a response arguing that Plaintiffs' filing was "devoid of any legal argument" because it only contains "two paragraphs" and "four sentences advising the Court" of the decision and requesting the lift of the stay. ECF 46 at 2. But the request hardly required an extensive explanation given that the Court stayed the case on a single condition: the resolution of *Harris*. That condition was satisfied on March 31, 2026, and, thus, the basis for the stay has expired. And once the Court lifted the stay, Plaintiffs planned to ask the Court for leave to file a five-brief on the impact of the decision on the pending motion to compel arbitration but felt it would be inappropriate to do so until the stay was lifted. *See* Civil L.R. 7(k).

In addition to this argument, the Tribal Defendant assert that "[s]ince Plaintiffs filed their Notice, counsel for appellants in the *Harris* case have been granted an extension of time to file a petition for rehearing en banc." *Id*. Against this backdrop, the Tribal Defendants "recommend" that the Court wait until a "final unappealable decision in *Harris*." *Id*.[1] The Court should decline the Tribal Defendants' invitation to further stay this case for several reasons.

First, "hearings and rehearings en banc are very rare." Practitioners Handbook for Appeals, United States Court of Appeals for the Seventh Circuit, 209 (2020 Edition), available at

---

[1] It is unclear what the Tribal Defendants mean by a "final unappealable decision." To the extent they are asking to stay the case pending a petition for certiorari, this request should be filed as a separate motion. For starters, it is far from guaranteed that a petition will even be filed, let alone granted. Moreover, "the court should consider at least the following factors… (1) the balance of the harms to the parties; (2) the likely length of any stay; and (3) the overall efficiency of granting a stay." *Fetai v. State Collection Serv., Inc.*, 2018 WL 11536801, at *4 (E.D. Wis. Dec. 14, 2018). None of these factors weigh in favor of a continued stay based on the future possibility that the appellees in *Harris* may file a petition for certiorari, and any request for such extraordinary relief should be considered on full briefing.

https://www.ca7.uscourts.gov/rules-procedures/Handbook.pdf (citing *Roberts v. Sears, Roebuck & Co.*, 723 F.2d 1324, 1328 (7th Cir. 1983) (en banc) (separate opinion of Posner, J.). This is especially true where, as in *Harris*, the three-judge panel unanimously decided the case without any dissent. The very rare nature of en banc review, coupled with the lack of any dissent in *Harris*, tips the balance in favor of now proceeding in this case. And if the Seventh Circuit grants en banc review, the Defendants may then move to stay these proceedings.

Second, the Supreme Court has made clear that "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). As this court has explained, "a stay to permit not only the resolution of proceedings in another district court but also in the court of appeals is at the outer limits of reasonableness and appropriate only if the stay is supported by a pressing need." *Fetai v. State Collection Serv., Inc.*, 2018 WL 11536801, at *5 (E.D. Wis. Dec. 14, 2018) (citing *Landis*, 299 U.S. at 255). Given the Seventh Circuit's unanimous decision in *Harris*, there is no longer any pressing need to continue with the stay.

Third, one of the defendants in this case, Soaren Management, LLC, has not moved to compel arbitration and has waived any such claim that they may have had as a non-signatory. Continuing to stay the case as to Soaren Management no longer serves judicial economy and harms the Plaintiffs. While most litigants want finality, Defendants have every incentive to drag this case out as long as possible because the enterprise will receive millions of dollars on these illegal loans during the pendency of this case. In addition, Plaintiffs will be prejudiced because "[s]taying the case [] delays plaintiff's potential recovery," as well as the recovery of the absent class members. *Sutor v. Amerigroup Corp.*, 2020 WL 2124180, at *2 (E.D. Va. Mar. 10, 2020). And while this is true in all cases, it is extremely prejudicial in this case because of the exorbitant amount charged

by Defendants on these loans. *See, e.g.*, Compl. at ¶ 155 (alleging Plaintiff Butler's loan imposed an interest rate of 795%); *id*. at ¶ 156 (alleging Plaintiff Rice's loan imposed an interest rate of 650%); *id*. at ¶ 157 (alleging Plaintiff Williams' loan imposed an interest rate of 500%). A continued stay therefore harms Plaintiffs and places them in a situation where they must either: (1) pay the unconscionable amounts imposed by their loans; or (2) default on their payments and thereby allow their principal balances to balloon to even more unaffordable amounts.

\*\*\*

This is no longer the "rare case" where "a stay pending resolution" in a similar case is "the prudent course." *See Jones v. Progressive Universal Ins. Co.*, 2024 WL 2874021, at *2 (E.D. Wis. June 7, 2024). Now that *Harris* has been decided, it is the law and the remote chance of an en banc review does not warrant continued delay of this matter. And to the extent the Court finds otherwise, Plaintiffs alternatively request that any order continuing the stay extends no further than the Seventh Circuit's en banc review.

Respectfully submitted,
**PLAINTIFFS,** *individually and on behalf of all others similarly situated*

By: */s/ Andrew J. Guzzo*
Kristi Cahoon Kelly (*pro hac vice*)
Andrew J. Guzzo (*pro hac vice*)
**KELLY GUZZO PLC**
3925 Chain Bridge Road, Suite 202
Fairfax, Virginia 22030
Telephone: (703) 424-7572
Facsimile: (703) 591-0167
Email: kkelly@kellyguzzo.com
Email: aguzzo@kellyguzzo.com

Thomas Scott-Railton
Attorney Bar Number: 5687330
**GUPTA WESSLER LLP**
Email: thomas@guptawessler.com
2001 K Street NW, Suite 850 North
Washington, DC 20001
Telephone: (202) 888-1741
Facsimile: (202) 888-7792

*Counsel for Plaintiffs*