# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

## GREEN BAY DIVISION

|  |  |
|---|---|
| ALICE GILL, *et al.,* | Civil Action No.: 1:25-cv-00489-BBC |
| Plaintiffs, | Hon. Judge Byron B. Conway |
| v. | |
| SOAREN MANAGEMENT, LLC, *et al*., | |
| Defendants. | |

## SPECIALLY APPEARING DEFENDANT SOAREN MANAGEMENT, LLC'S SUPPLEMENTAL BRIEF

## INTRODUCTION

Pursuant to this Court's Order dated June 12, 2026 (ECF No. 48), Specially Appearing Defendant Soaren Management, LLC ("Soaren") submits the following supplemental brief addressing intervening authority relevant to its pending Motion to Dismiss ("Motion") (ECF No. 31).

Soaren moved to dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (6), (4), and (2) because Plaintiffs (1) cannot properly establish diversity, (2) have sued the wrong entity, (3) have not effectuated service by virtue of serving the wrong entity, and (4) cannot demonstrate this Court's personal jurisdiction over Soaren.

While *Harris v. W6LS, Inc*., 177 F.4th 777, 780 (7th Cir. 2026) has no bearing on Soaren's Motion, intervening authority related to establishing diversity jurisdiction and the parties' recent stipulation warrant Soaren's supplemental brief.

### I. The Plaintiffs' stipulation confirms that Soaren is "stateless" for diversity purposes.[1]

Two months after the Motion was fully briefed (ECF Nos. 31, 41, 42), Plaintiffs and Soaren filed a Stipulation as to Jurisdiction and Formation and Ownership as to Defendant Soaren Management, LLC ("Stipulation").  While not new "authority" *per se*, the Stipulation effectively altered the Complaint in such a manner that compels consideration of new authority, discussed below.

---

[1] Soaren's Motion is premised upon the fact that Plaintiffs improperly named DE-Soaren.  After the parties filed the Stipulation and correctly recognized the Tribe's ownership of Soaren, the matter of Soaren's unwaived sovereign immunity from suit is ripe before the Court.  Should the Court determine diversity jurisdiction exists to support Plaintiffs' claims under CAFA, Soaren reserves the right to file a subsequent Motion to Dismiss pursuant to Rule 12(b)(1) to address the threshold issue of tribal sovereign immunity.  *Mestek v. Lac Courte Oreilles Cmty. Health Ctr.*, 72 F.4th 255, 259 (7th Cir. 2023).

Through that Stipulation, Plaintiffs expressly withdrew the allegation in the Complaint that:

> [Soaren] is a liability company incorporated in Delaware with offices in Las Vegas, Nevada, and Scottsdale, Arizona.  As detailed below, Soaren Management is instrumental in the creation, operation, and management of the Fineday usurious lending enterprise described herein.

(ECF No. 1 ¶ 30.)  Instead, Plaintiffs confirmed that Soaren "is a limited liability company organized under the laws of the Big Valley Band of Pomo Indians of the Big Valley Rancheria," and that Soaren "is wholly owned by Peak Servicing, LLC, and, in turn, Peak Servicing, LLC is wholly owned by the Big Valley Band of Pomo Indians of the Big Valley Rancheria."  (ECF No. 43 ¶¶ 2-3.)   The Stipulation therefore confirms that Soaren is Tribally owned and Tribally organized, requiring the Court to evaluate diversity jurisdiction based on the Tribe's citizenship, not the now-withdrawn allegation that Soaren was a Delaware entity.

## II.  Dismissing Kraken destroyed any argument that diversity exists.

Additionally, Plaintiffs voluntarily dismissed Defendant Kraken Holdings, LLC (ECF No. 40), which implicates the Seventh Circuit's recent decision in *Zurbriggen v. Twin Hill Acquisition, Inc.*, No. 25-1963, 2026 WL 1732248 (7th Cir. June 16, 2026).  *Zurbriggen* confirms that "[a] plaintiff who amends his complaint to remove parties needed for minimal diversity…would unquestionably change the basis for jurisdiction under CAFA."[2] 2026 WL 1732248, at *3 (citing *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 37 (2025) (plaintiffs can "destroy[ ] diversity jurisdiction" in an original action by changing the parties to

---

[2] Consider also the recent decision in *Charles Schwab & Co. v. Ross*, No. 25-CV-8567, 2026 WL 1194999, at *3 (N.D. Ill. May 1, 2026): "[T]he jurisdictional statement in the parties' initial joint status report does not alter the Court's analysis because domicile 'is a legal conclusion drawn from the totality of the circumstances,' *Hemingway*, 2016 WL 11940392, at *2, and the Court has an obligation to evaluate jurisdiction regardless of whether a party challenges it or the parties believe jurisdiction exists, *Arbaugh*, 546 U.S. at 514; Fed. R. Civ. P. 12(h)(3) ('If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.')."

the case)). Logically, the dismissal of a state-organized entity and changes to a defendant's domicile (from Delaware to "stateless," as here) necessitate the same result.

Here, Plaintiffs dismissed Kraken, which, according to *Zurbriggen*, has changed the basis for jurisdiction. Additionally, Plaintiffs' withdrawal of their allegation (that Soaren is a Delaware citizen) and their Stipulation (that Soaren is a Tribally organized and Tribally owned entity) fundamentally alter the diversity analysis. A change in Soaren's citizenship, from one allegedly supporting diversity to one that is stateless for diversity purposes, has the same jurisdictional consequence as adding or dismissing a party whose citizenship affects diversity.

Accordingly, under *Zurbriggen*, the Court must evaluate subject-matter jurisdiction in light of the dismissal and the Stipulation and the parties' current jurisdictional allegations, including Plaintiffs' acknowledgment that Soaren is a Tribally organized and Tribally owned entity.

### III. *Silas* and *Hice* support Soaren's argument that dismissal is warranted for Plaintiffs' failure to establish diversity.

Recent authority, coupled with the Stipulation, reinforces Soaren's primary argument: that facts must be pled for the Court to confirm diversity jurisdiction. Without facts to support diversity, dismissal is required.

"While the Court might theoretically have diversity jurisdiction over these claims, the amended complaint does not include facts that establish whether diversity jurisdiction is present" and the plaintiff did not identify the members of defendant LLC, thus warranting dismissal of the complaint. *Silas v. Touchpoint Support Services, LLC*, No. 26-CV-0501-BHL, 2026 WL 1650769, at *3 (E.D. Wis. June 8, 2026).

This recent decision aligns with the long line of authority in the Motion and further highlights Plaintiffs' failure to comply with L.R. 8 (or to cure in the intervening months) and

supports Soaren's position that Plaintiffs have not met their burden to establish diversity jurisdiction.

Not only have the Plaintiffs failed to establish the citizenship of the remaining Defendants, they have also failed to establish their own citizenship. Persuasive authority from the Third Circuit is directly applicable here. In *Hice v. EQT Corp.*, the Third Circuit explained that "[a]lthough alleging minimal diversity is not onerous," the plaintiffs failed to show diversity when "[t]he operative complaint identifies the named plaintiffs as *residents* of Pennsylvania, contains allegations regarding the *citizenship* of all defendants, and states that 'at least one member of the proposed Class is a citizen of a different state from one of the Defendants.'"[3] No. 25-2729, 2026 WL 777440, at *3 (3d Cir. Mar. 19, 2026) (citing authority). *Hice* continues to explain that "it has long been established that, at least for purposes of diversity jurisdiction, citizenship and residency are not synonymous." *Id*. Without demonstrating "the *citizenship* of at least one diverse plaintiff," the remaining allegations "do not suffice for a facial showing of minimal diversity" to support a CAFA case. *Id*. Here, Plaintiffs only plead their residency, not their citizenship; under *Hice*, allegations of residency are inadequate to show minimal diversity. ECF No. 1 ¶¶ 13-29.

Considering this new authority, the dismissal of Kraken, and the Stipulation, it is clear now that diversity jurisdiction does not exist. As discussed in the Motion and Reply and confirmed by the Stipulation, Soaren is stateless. Under *Hice*, Plaintiffs' citizenship is unknown.

---

[3] *Hice* aligns with recent district court authority on this point of law and is factually similar to the alleged circumstances here. See, e.g., *Coleman v. Poi*, No. 24-CV-522-WMC, 2026 WL 1283954, at *3 (W.D. Wis. May 11, 2026) ("However, citizenship requires allegations of the parties' domicile, not just residence."); *Baryenbruch v. Silencerco, LLC*, No. 26-CV-16-JDP, 2026 WL 381985, at *1 (W.D. Wis. Feb. 11, 2026) ("It is well established in this circuit that residence and citizenship are not the same thing, and a court may not infer citizenship from residence alone."); see also *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012) ("An allegation of residence is not sufficient to establish citizenship, which requires domicile.")

And the Tribal Legislature Defendants are stateless for diversity purposes when acting in their official capacities, as alleged in the Complaint.[4]  (E.g., ECF No. 1 ¶¶ 6, 140.)

## CONCLUSION

For the reasons set forth here and in Soaren's Motion, the Court should grant the Motion and dismiss the Complaint for lack of subject-matter jurisdiction.

Date: July 2, 2026

Respectfully submitted,

s/ Justin Gray

_____

Justin Gray (11050509)
*Attorney for the Specially-Appearing Defendant*
*Soaren Management, LLC*
MSHKAWZI LAW, LLP
44 Cesar E. Chavez Ave. SW
Suite 250
Grand Rapids, MI 49503
Telephone: (616) 719-2823
Email: jgray@mshkawzilaw.com

---

[4] This was discussed in Soaren's Motion and Reply.  See ECF No. 31-1 p. 11 n. 4; ECF No. 42 pp. 7-8 n. 7.  Additionally, Plaintiffs only plead the Tribal Defendants' residence, not domicile, which is insufficient to establish diversity.  ECF No. 1 ¶¶ 32-41; *Hice, supra*.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

<u>s/ Justin Gray</u>
Justin Gray

Case 1:25-cv-00489-BBC     Filed 07/02/26     Page 7 of 7     Document 49