# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### Green Bay Division

ALICE GILL, *et al.*, *on behalf of themselves* : 
*and all individuals similarly situated,* : 
  : 
    Plaintiffs, : 
  : 
v. :   Civil Action No. 1:25-cv-00489-BBC 
  : 
SOAREN MANAGEMENT, LLC, *et al.*, : 
  : 
    Defendants. : 
_____ :

## PLAINTIFFS' RESPONSE TO DEFENDANT SOAREN MANAGEMENT'S SUPPLEMENTAL BRIEF

Pursuant to this Court's Order (ECF No. 48) dated June 12, 2026, Plaintiffs hereby submit this response to the Supplemental Brief (ECF No. 49) filed by Defendant Soaren Management, LLC ("Soaren Management").

## INTRODUCTION

Soaren Management's supplemental brief concedes that the Seventh Circuit's decision in *Harris* "has no bearing" on its Motion to Dismiss (ECF No. 31). It has no bearing because Soaren Management, who is a nonsignatory to the loan contracts, has not asserted that it is entitled to enforce the arbitration agreement.

Nonetheless, Soaren Management's supplemental brief contends that the Stipulation between Plaintiffs and Soaren Management "effectively altered the Complaint in such a manner that compels consideration of new authority," namely the Seventh Circuit's recent decision in *Zurbriggen v. Twin Hill Acquisition, Inc.*, 2026 WL 1732248 (7th Cir. June 16, 2026). ECF No. 49 at 2. Against this backdrop, Soaren Management contends that it is "stateless" for the purposes of diversity and, so its argument goes, the voluntary dismissal of Kraken destroys any argument that

diversity exists because *Zurbriggen* held that "[a] plaintiff who amends his complaint to remove parties needed for minimal diversity… would unquestionably change the basis for jurisdiction under CAFA." 2026 WL 1732248, at *3.

Soaren Management's argument is frivolous for two, independent reasons. *First*, although Soaren Management refuses to acknowledge it, the Complaint alleges a civil action under a federal statute, 18 U.S.C. § 1961, et seq., thereby establishing federal-question jurisdiction. And *second*, Soaren Management's argument that it is "stateless for diversity purposes," ECF No. 49 at 4, ignores a binding decision from the Seventh Circuit holding that a "corporation chartered under Native American tribal law should be treated as a citizen of a state pursuant to § 1332(c)." *Wells Fargo Bank, Nat. Ass'n v. Lake of the Torches Econ. Dev. Corp.*, 658 F.3d 684, 693 (7th Cir. 2011). Standing alone, either one of grounds is sufficient to reject the contention that this Court lacks subject matter jurisdiction over this case.

## I. Plaintiffs have asserted a cause of action arising under federal law.

Soaren Management's original motion to dismiss argued that "[b]ecause Plaintiffs have not met their burden of demonstrating diversity, this Court cannot exercise subject matter jurisdiction and dismissal is both necessary and appropriate." ECF 31-1 at 12. Although Plaintiffs' opposition explained that this Court had federal-question jurisdiction (ECF 41 at 4-6), Soaren Management's supplemental brief altogether ignores this basis for jurisdiction.

To reiterate, "[o]rdinarily a court determines whether there is federal question jurisdiction by examining the plaintiff's well-pleaded complaint, for '[i]t is long-settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law.'" *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1486 (7th Cir. 1996) (quoting *Rice v. Panchal*, 65 F.3d 637, 639 (7th Cir.1995)); *see also Citadel Sec., LLC v. Chicago*

*Bd. Options Exch., Inc.*, 808 F.3d 694, 701 (7th Cir. 2015) (explaining that the "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

Here, a cursory review of the Complaint shows that subject matter jurisdiction clearly exists because the Complaint includes civil claims arising under a federal statute, the Racketeer Influenced and Corrupt Organizations Act ("RICO"). By way of example, Paragraph 10 of the Complaint alleges that the Court "has subject matter jurisdiction pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1332(d)." (Compl. ¶ 10.) In addition to this jurisdictional statement, the Complaint makes it abundantly clear that Plaintiffs have asserted a civil cause of action arising under federal law against Soaren Management. (*Id.* ¶ 9 ("Plaintiff seeks relief under the Racketeer Influenced and Corrupt Organizations Act ("RICO"); and various state usury and lending statutes."); *see also id.* ¶ 11 ("This Court has personal jurisdiction over Defendants because RICO authorizes nationwide service of process."); *id.* ¶¶ 177–97 (first count of the complaint alleging a "RICO Damages Class" for violations of 18 U.S.C. § 1962(c)); *Id.* ¶¶ 198–208 (first count of the complaint alleging a "RICO Damages Class" for violations of 18 U.S.C. § 1962(d)).)

Soaren Management has <u>never</u> challenged the sufficiency of the RICO allegations—likely because courts across the country have repeatedly denied motions to dismiss in similar cases. *See, e.g., Dixon v. Gatzke*, 2025 WL 1826106, at *13 (N.D. Ill. July 2, 2025) (denying motion to dismiss because the plaintiff plausibly alleged that the defendants were "the actual ringleaders of the lending scheme and 'play a hands-on role in the day-to-day execution of the'" of the tribal lending operation) (citation omitted); *Fitzgerald v. Wildcat*, 687 F. Supp. 3d 756, 789 (W.D. Va. 2023) (finding that allegations, including that the defendants had "the right to market, originate, renew,

3

service, and collect loans made in the name of [a tribal entity]," were sufficient to state a claim against a company and its owner); *Gibbs v. Stinson*, 421 F. Supp. 3d 267, 312 (E.D. Va. 2019) (finding allegations, including that "Defendants helped design and implement the Tribal lending business through their ownership and control of Think Finance, which developed the Tribal lending business model at the heart of this allegedly unlawful RICO enterprise" were sufficient); *Brice v. Plain Green, LLC*, 372 F. Supp. 3d 955, 985 (N.D. Cal. 2019) (finding that, in a civil-RICO case, defendants who "were instrumental in setting up, and knowingly set up, an enterprise whose sole purpose was to collect illegal debts" could be found liable); *Smith v. Martorello*, 2021 WL 981491, at *4 (D. Or. Mar. 16, 2021) (denying a motion to dismiss where it was alleged that the individual controlled the tribal lending operations).

Rather than challenge the sufficiency of the RICO claims, Soaren Management has attempted to cast aside the RICO claims (and the Court's clear subject matter jurisdiction derived therefrom) by claiming that the "Complaint does not allege, reference, or imply federal question jurisdiction under 28 U.S.C. § 1331." ECF 42 at 2, n.2. To that end, Soaren Management claims that "Plaintiffs rely exclusively on jurisdiction under the Class Action Fairness Act[.]" ECF 42 at 2, n.2. This is misleading, at best, as the Complaint expressly alleges that the Court "has subject matter jurisdiction <u>pursuant to 18 U.S.C. § 1965</u> and 28 U.S.C. § 1332(d)." (Compl. ¶ 10.) (emphasis added). This uncontested statement references and implies that the Court has subject matter jurisdiction because RICO is a federal statute that allows a plaintiff to bring "[a]ny civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district[.]" 18 U.S.C. § 1965(a).

At its core, Soaren Management's position is that a complaint must expressly include a statement asserting that the court "has subject matter jurisdiction pursuant to 28 U.S.C. § 1331,"

4

even if the complaint plainly alleges claims under federal law. No authority supports this position, and it is contrary to the firmly established rule that when "determining federal jurisdiction, the court generally first reviews the plaintiff's complaint," not a single allegation in isolation. *Speciale*, 147 F.3d at 614. Put differently, there are no strict requirements or magic words needed to invoke a court's subject matter jurisdiction, and courts have repeatedly rejected similar arguments. *See, e.g., Hughes v. Marc's Big Boy*, 479 F. Supp. 834, 836 (E.D. Wis. 1979) ("If a Plaintiff alleges facts sufficient to confer subject-matter jurisdiction under any of the jurisdictional statutes, his failure to denominate the proper statute will not act to deprive the court of jurisdiction."); *City Fed. Sav. & Loan Ass'n v. Crowley*, 393 F. Supp. 644, 650 (E.D. Wis. 1975) ("[I]f the facts giving the court jurisdiction are adequately set out in the complaint, there is no necessity to specifically plead the appropriate jurisdictional statutes."); *Miller v. Gain Fin., Inc.*, No. IP 90-1760-C, 1992 WL 494967, at *1 (S.D. Ind. Feb. 12, 1992), *aff'd,* 995 F.2d 706 (7th Cir. 1993) (finding allegation of federal RICO and security laws sufficient to plead subject-matter jurisdiction even without "invocation of a specifically-nominated jurisdictional ground or statute"); *Cameron Cnty. v. Garza*, 2021 WL 3148865, at *2 (S.D. Tex. July 9, 2021) (explaining that a "plaintiff does not need to cite a specific federal statute in order to create a federal question").

## II.     Soaren Management is not "stateless" for diversity purposes.

Putting aside federal question jurisdiction, this Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA") as incorporated in 28 U.S.C. § 1332(d). "CAFA gives the district courts original jurisdiction over civil class action lawsuits if 'the general requirements for CAFA jurisdiction are met: minimal diversity exists between the parties, the class exceeds 100 members, and . . . the amount in controversy exceeds $5 million . . . ." *IUE-CWA, Loc. 901 v. Spark Energy,*

*LLC*, 2019 WL 5206067, at *2 (N.D. Ind. Oct. 16, 2019) (quoting *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617 (7th Cir. 2012)).

In its original motion and supplemental brief, Soaren Management only challenges the minimal diversity prerequisite, which merely requires that "*any* member of a class of plaintiffs is a citizen of a State different from *any* defendant." 28 U.S.C. § 1332(d)(2)(A) (emphasis added). This requirement is known as "minimal diversity" because "[i]n contrast to the complete diversity requirement of § 1332(a), § 1332(d)(2) requires 'only one member of the plaintiff class—named or unnamed—[to] be diverse from any one defendant' for diversity to be satisfied." *Gallagher v. Johnson & Johnson Consumer Companies, Inc.*, 169 F. Supp. 3d 598, 602 (D.N.J. 2016) (quoting *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1193 n. 24 (11th Cir. 2007)); *see also Stell v. Gibco Motor Express, LLC*, 2016 WL 2620178, at *2 (S.D. Ill. May 9, 2016) ("CAFA jurisdiction requires only minimal diversity while traditional diversity jurisdiction requires complete diversity.").

Due to the dismissal of Kraken, Soaren Management's supplemental brief contends that there is no minimal diversity because both it and the tribal officials are "stateless for diversity purposes." ECF No. 49 at 4. This contention, however, is foreclosed by the Seventh Circuit's decision in *Wells Fargo Bank, Nat. Ass'n v. Lake of the Torches Econ. Dev. Corp.*, 658 F.3d 684, 693 (7th Cir. 2011), where the court considered the question "whether Lake of the Torches, a tribal corporation, ought to be considered a citizen of a state under the diversity statute." After analyzing the conflict between other circuits on this question, the Seventh Circuit adopted the position of its "colleagues in the Ninth and Tenth Circuits and h[e]ld that a corporation chartered under Native American tribal law should be treated as a citizen of a state pursuant to § 1332(c)." *Id*. (citation omitted). Based on this holding, the Seventh Circuit further concluded "Lake of the Torches may

6

be considered a citizen of Wisconsin, and the district court properly exercised jurisdiction under § 1332." *Id*. at 694.

Beyond this, courts have repeatedly held that Native American *individuals* residing on reservations are citizens of the state in which the reservation is located. *Bresette v. Buffalo-Reyes*, 2006 WL 3017256, at *1 (W.D. Wis. Aug. 7, 2006) (explaining that "even assuming at least one of the defendants is Native American, diversity jurisdiction does not exist, because all of the parties reside in Wisconsin.") (citing *Richardson v. Malone*, 762 F.Supp. 1463, 1466-67 (N.D.Ok.1991) ("a Native American residing within the borders of a state is a citizen of that state")); *Manzini v. Cypress*, 796 F. Supp. 3d 1146, 1157 (S.D. Fla. 2025) ("Tribal members are citizens of the states in which they reside. In this case, both [Tribal] Defendants reside in Florida, an undisputed fact, and Plaintiff also resides in Florida. Since all parties reside in Florida, the diversity requirement is not satisfied."), *aff'd*, 2026 WL 1195540 (11th Cir. 2026). Courts have applied this principle to tribal defendants sued in either their official or individual capacity. *See, e.g., Romanella v. Hayward*, 933 F. Supp. 163, 166 (D. Conn. 1996) (finding tribal defendants sued in their official capacities, "as Tribe members residing in Connecticut," to be citizens of Connecticut for diversity purposes); *aff'd* 114 F.3d 15 (2d Cir. 1997); *Manzini*, 796 F. Supp. 3d at 1157 (finding tribal officials to be residents of Florida). Thus, even if Soaren Management is somehow "stateless" as a tribal corporation, it does not matter because the individuals who are the members of the tribal council are citizens of Wisconsin.

These decisions are also consistent with the Supreme Court's decision in *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 17 (1987), where it observed that "until the late 19th century, most Indians were neither considered citizens of the States in which their reservation was located, nor regarded as citizens of a foreign," such that a "a suit to which Indians were parties would not have

satisfied the statutory requirements for diversity jurisdiction." *Id*. at 17-18. That changed, however, "[i]n 1924" when "Congress declared that all Indians born in the United States are United States citizens," and "therefore, under the Fourteenth Amendment, Indians are citizens of the States in which they reside." *Id*. at 18, n. 10. If Native Americans are citizens of the States in which they reside for the purposes of the Fourteenth Amendment, they should not be considered precisely the opposite under a different federal statute.

Any holding to the contrary could have significant consequences beyond this case. If Native American businesses, government officials, and tribal members are "stateless" for diversity purposes, the same rule must apply when they are both plaintiffs and defendants. Such a rule would deprive Native Americans of access to federal courts to which they are entitled as citizens of the United States. And in any event, "the law is clear that, for diversity purposes, Native Americans residing on reservations are citizens of the state where the reservation is located." *Ward v. Mortimer*, 2010 WL 3761906, at *1 (E.D.N.Y. Sept. 16, 2010).

## CONCLUSION

Both Plaintiffs and Soaren Management agree that the Seventh Circuit's decision in *Harris* has no bearing on its Motion to Dismiss (ECF No. 31) because it does not seek to enforce any arbitration agreement in this case. And for the reasons explained above, Soaren Management's supplemental briefing does not advance its efforts to dismiss this case as the Court clearly has subject matter jurisdiction over the claims.

Respectfully submitted,
**PLAINTIFFS,** *individually and on behalf of all others similarly situated*

By: */s/ Andrew J. Guzzo*
Kristi Cahoon Kelly
Andrew J. Guzzo
**KELLY GUZZO PLC**

8

3925 Chain Bridge Road, Suite 202
Fairfax, Virginia 22030
Telephone: (703) 424-7572
Facsimile: (703) 591-0167
Email: kkelly@kellyguzzo.com
Email: aguzzo@kellyguzzo.com

Thomas Scott-Railton
Attorney Bar Number: 5687330
**GUPTA WESSLER LLP**
Email: thomas@guptawessler.com
2001 K Street NW, Suite 850 North
Washington, DC 20001
Telephone: (202) 888-1741
Facsimile: (202) 888-7792
*Counsel for Plaintiffs*

9